# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ZODIAC SEATS US LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:17-cv-00410-ALM-KPJ |
| | § | |
| SYNERGY AEROSPACE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 5, 2019, the Report of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #69) containing proposed findings of fact and recommending that: (1) Defendants Oceanair Linhas Aereas S.A. ("Oceanair") and Synergy Aerospace Corporation's ("Synergy") Motion for Summary Judgment on Plaintiff Zodiac Seats US LLC's ("Zodiac") Breach of Contract and Equitable Claims (Dkt. #42) be granted; [1] (2) Synergy's Partial Motion for Summary Judgment (Dkt. #40) be denied; and (3) Zodiac's Motion for Partial Summary Judgment on Synergy's Counterclaims (Dkt. #41) be granted in part and denied in part. *See* Dkt. #69 at 1.

No objections were filed regarding the Magistrate Judge's recommendations regarding either Synergy's Partial Motion for Summary Judgment (Dkt. #40) or Oceanair and Synergy's Motion for Summary Judgment (Dkt. #42). Zodiac filed Objections to the Magistrate Judge's

---
[1] Defendant Oceanair was dismissed from this suit on January 12, 2019, pursuant to the parties' Stipulation of Dismissal. *See* Dkts. # 59, #63.

Report (the "Objections") (Dkt. #74) regarding the recommendation to grant in part and deny in part Zodiac's Motion for Partial Summary Judgment (Dkt. #41); Synergy filed no objections. The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

Zodiac is a manufacturer of commercial airline seats for airlines and manufacturers of commercial aircraft. Dkt. #6 at 1. Synergy is a South American conglomerate. *See* Dkt. #40 at 1. Zodiac and Synergy entered into a contract for the purchase and manufacture of commercial airline seats for use in Synergy-owned aircraft, which were to be manufactured by Airbus. *See* Dkt. #6 at 2. Synergy contends that the seats delivered by Zodiac "were often delivered late, accompanied by quality issues, or both." Dkt. #40 at 2. As a result, the parties allegedly amended their agreements when Zodiac offered new promises in "Commitment Letters." *See* Dkt. #42 at 4. Synergy alleges that Zodiac failed "to follow through with their proposed remedies to the non-conforming goods Zodiac provided and consequential damages from late deliveries [arose as a result.]" *See* Dkt. #40 at 2.

Three motions for summary judgment were filed. Oceanair and Synergy filed a motion for summary judgment (Dkt. #42) on all of Zodiac's claims against Oceanair and Zodiac's equitable claims. *See* Dkt. #42 at 1–2. Synergy filed a motion for summary judgment (Dkt. #40), arguing the United Nations Convention on Contracts for the International Sale of Goods

("CISG") preempts Zodiac's claims and forecloses Zodiac's attorney's fees.[2] Zodiac filed a motion for summary judgment (Dkt. #41), arguing there is no evidence to support Synergy's counterclaims for breach of express warranty and breach of the implied warranties of merchantability and fitness for a particular purpose.

On February 5, 2019, the Magistrate Judge entered the Report and Recommendation. *See* Dkt. #69. Zodiac filed the Objections on February 19, 2019, to the Magistrate Judge's recommendations regarding Zodiac's Partial Motion for Summary Judgment (Dkt. #41). *See* Dkt. #74. Zodiac argues Synergy failed to: (1) raise any genuine issue of material fact regarding the damages element of its warranty claims; (2) raise any fact issue on Synergy's express warranty claims; and (3) show that the aircraft seats were unfit for ordinary use. *See* Dkt. #74 at 3–8.

## I. DISCUSSION

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

---

[2] The parties consented to proceed before the Magistrate Judge on two limited issues arising out of Synergy's Partial Motion for Summary Judgment (Dkt. #40): (1) determining a conflict of law question, regarding whether the United Nations Convention on Contracts for the International Sale of Goods (the "CISG") controls the dispute; and (2) if so, whether the CISG precludes recovery of attorneys' fees under Chapter 38 of the Texas Civil Practice and Remedies Code.

**Objection One**

Zodiac objects to the Report on the grounds that Synergy's express warranty claim fails because Synergy has not specified the terms of the express warranty. To establish the elements of breach of express warranty, a buyer must prove: (1) an affirmation of fact or promise made by the seller to the buyer relating to the goods; (2) such affirmation of fact or promise became a part of the basis of the bargain; (3) the injured party, in making the purchase, relied on the representations, affirmation of fact, or promise; (4) the goods sold by the seller failed to comply with the affirmation of fact or promise by the seller; (5) the buyer was financially injured; and (6) such failure to comply was a proximate cause of the financial injury suffered by the buyer. *Minsa Corp. v. SFTC, LLC*, 520 S.W.3d 155, 161 (Tex. App.—Amarillo 2017, pet. denied), reh'g denied (Jan. 25, 2018). Zodiac's objection focuses on the first element, whether a specific affirmation of fact or promise was made by Zodiac to Synergy relating to the airplane seats.

Here, the parties never entered into a comprehensive contract.[3] Rather, the contracts at issue are purchase orders consisting of bare-bones lists of prices, dates, and product numbers. *See* Dkt. #40-1 at 14–86. The seats were custom orders, made specifically for Synergy. *See* Dkt. #48 at 3. However, prior to Synergy's agreement to the purchase orders, Zodiac made representations about the product and the product quality of the seats. *See, for example,* Dkt. #48-1 at 12-13. Among other communications, these representations included product renderings and attributes, and are now the basis of Synergy's express warranty claims. *See* Dkt. #48 at 3.

---

[3] While the parties negotiated a lengthy contract, including what appears to be extensive revisions and comments, the final contract was never adopted by the parties for reasons that are unclear in the record. *See* Dkt. 73-1 at 18.

Synergy also produced a PowerPoint presentation, made by Zodiac and presented to Synergy, which includes a list of repairs needed on the airplane seats. *See* Dkt. #40-1 at 91, 96. At oral argument, the parties discussed the evolving nature of this list and repair status of the seats. The PowerPoint references specific seat prototypes presented by Zodiac to Synergy, and acknowledges that at the time of the presentation regarding repairs, not all shipsets had yet been manufactured or shipped. *See id.* at 92–93, 103–04. Additionally, email and letter communications between the parties acknowledge the ongoing problems with the shipsets. *See* Dkt. #48-1 at 23–65. Upon review, the Court finds Synergy adequately alleges facts which establish the existence and terms of its warranty claim and raises a question of fact for the factfinder. As such, this objection is **OVERRULED**.

**Objection Two**

Zodiac argues Synergy failed to raise any genuine issue of material fact regarding the damages element of its warranty claims. *See* Dkt. #74 at 2. Specifically, Zodiac argues the Magistrate Judge improperly relied on evidence of Zodiac's cost to repair the improperly manufactured seats, rather than requiring other evidence to prove Synergy's damages.

Zodiac provided Synergy an estimate of what it would cost for Zodiac to repair the seats. *See* Dkt. #48 at 7; Dkt. #51-6 at 61. At oral argument on January 15, 2019, the parties acknowledged that the seats require repair that has not yet been completed. Zodiac has not directed the Court to a specific portion of the record in which it agreed to complete all repairs. While Synergy has not provided an estimate of what it would cost for Synergy to repair the seats through another vendor, the seats are not yet repaired, and the cost estimate from Zodiac provides some evidence of the outstanding damages. As such, there remains a triable issue of fact as to the exact amount damages, if any, Synergy suffered. This objection is **OVERRULED**.

**Objection Three**

Zodiac argues Synergy has not shown that the aircraft seats were unfit for ordinary use pursuant to a claim for breach of the implied warranty of merchantability. To establish a breach of an implied warranty of merchantability occurred, a party must show: (1) Zodiac sold or leased a product to the plaintiff; (2) the product was unmerchantable; (3) Synergy notified Zodiac of the breach; and (4) Synergy suffered injury. *See Polaris Indus., Inc. v. McDonald*, 119 S.W.3d 331, 336 (Tex. App.—Tyler, Aug. 13, 2003). Texas Business & Commerce Code provides a nonexclusive list of the minimum criteria required for a product to be unmerchantable. *See Polaris*, 119 S.W.3d at 336 (citing TEX. BUS. & COM. CODE ANN. §§ 2.314, 2.314 cmt. 13, 2.607(c)(1), 2.714, 2.715). A product is considered unmerchantable if it cannot pass without objection in the trade; in other words, it must be of a quality comparable to other products that are sold in that line of trade under the contract description. *Polaris Industries, Inc. v. McDonald*, 119 S.W.3d 331, 336 (Tex. App.—Tyler, Aug. 13, 2003) (citing TEX. BUS. & COM. CODE ANN. §§ 2.314, 2.314 cmt. 13, 2.607(c)(1), 2.714, 2.715). A product is also considered unmerchantable if it is unfit for ordinary purposes; "to be unfit for ordinary purposes, it must have a defect, i.e., the product lacks something necessary for adequacy." *Id*. (quoting *Plas-Tex, Inc.*, 119 S.W.3d at 336). Here, Synergy's allegation is that the seats were not of a quality comparable to seats sold by other merchants, the seats were unfit for their ordinary purpose, and the seats did not conform to the promises made by Zodiac. *See* Dkt. #23 at 6.

In this case, it is undisputed the airplane seats contained defects. Synergy objected to the delivery of defective seats and continued to communicate with Zodiac regarding product defects over the course of their relationship. *See for example* Dkt. #40-1 at 88–118; Dkt. #48-1

at 23–65. None of the communications from Zodiac appear to dispute the existence of the defects or allege that Synergy's concerns are frivolous. *See id*. These ongoing communications raise a genuine question of material fact as to whether the seats could pass without objection in the trade. Further, the seats were ordered for custom production by Synergy. Synergy has raised a fact question as to whether the seats, which indisputably require repairs that have not yet been completed, were fit for their ordinary purpose. The Court finds Zodiac failed to demonstrate that there is no genuine issue of material fact regarding Synergy's counterclaim for breach of express warranty. Accordingly, this objection is **OVERRULED**.

## II. CONCLUSION

Having received the Report of the United States Magistrate Judge, and no objections having been timely filed regarding either Defendants Oceanair and Synergy's Motion for Summary Judgment (Dkt. #42) or Synergy's Partial Motion for Summary Judgment (Dkt. #40), the Court is of the opinion that the findings and conclusions of the Magistrate Judge regarding these motions are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court. Therefore, Oceanair and Synergy's Motion for Summary Judgment on Zodiac's Breach of Contract and Equitable Claims (Dkt. #42) is **GRANTED**. Further, Synergy's Partial Motion for Summary Judgment (Dkt. #40) is **DENIED**.

Additionally, based on the foregoing, the Court finds no error in the Magistrate Judge's conclusion that Zodiac did not meet its summary judgment burden with regard to Synergy's claims for breach of express warranty and breach of implied warranty of merchantability. Therefore, Defendant's Objections are **OVERRULED**. Zodiac's Motion for Partial Summary Judgment on Synergy's Counterclaims (Dkt. #41) is **GRANTED IN PART** and **DENIED IN PART**. Zodiac's Motion for Partial Summary Judgment is **DENIED** with respect to Synergy's

claims for breach of express warranty and breach of implied warranty of merchantability. Zodiac's Motion for Partial Summary Judgment is **GRANTED** with respect to Synergy's claim for breach of implied warranty for a particular purpose.

    **IT IS SO ORDERED**.

    **SIGNED this 15th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE